UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

    Plaintiff,                                    Case No. 17-13959

v.                                                   Honorable John Corbett O'Meara

VIRGINIA KAPLER,

    Defendant.
                                      /

## ORDER GRANTING APPLICATION TO PROCEED IFP AND DISMISSING COMPLAINT

    This matter came before the court on plaintiff Angela Nails' *pro se*, 35-page complaint and application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed without prepayment of fees to be facially sufficient and will grant the motion. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

    Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if it finds that the complaint is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The beginning of plaintiff Nails' complaint reads as follows:

> In the month of November 2016 on or about the 14th day the Defendant violated HIPAA rights Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule and federal civil rights laws protect Americans' fundamental health rights. The Plaintiff was a patient receiving services at 14799 Dix Toledo Highway Southgate, Michigan 48195 giving information to a third party source without the patient permission in writing of medical release form to release patient information to the third party source the Third Circuit Court located a 2 Woodward Street Detroit, Michigan 48226.

Complaint at 1 (errors in original). The entire remainder of the complaint, comprising over 30 pages, is a verbatim rendition of an explanation of HIPAA taken from an unknown source without citation.

It is well-settled, however, that HIPAA provides no private right of action for individuals. "Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services." Wilson v. Memphis Light, Gas & Water, No. 12-2956, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013) (citations omitted). Accordingly, plaintiff Nails' complaint fails to state a claim on which relief may be granted and must be dismissed.

## ORDER

It is hereby **ORDERED** that plaintiff Angela Nail's application to proceed *in forma pauperis* is **GRANTED.**

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

                                                      s/John Corbett O'Meara  
                                                      United States District Judge

Date: May 8, 2018

    I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, May 8, 2018, using first-class U.S. mail.

                                                        s/William Barkholz  
                                                        Case Manager